UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RAMON RICO ESTEBAN**,

    Petitioner,

v.                                                   **CIVIL NO. 05-0087 JH/DJS**

**RICK LOONEY, Warden,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. D-0101-CR-2001-0306 and No. D-101-CR01995-00820 in the First Judicial District, Santa Fe County, of New Mexico. In that proceeding Petitioner was convicted, pursuant to a guilty plea, of one count of Homicide by Vehicle, two counts of Great Bodily Injury by Vehicle, and one count of Leaving the Scene of an Accident Involving Death or Personal Injuries. In addition, Petitioner admitted to having two prior convictions, resulting in him being found to be an habitual offender. Petitioner was sentenced to a term of imprisonment of twenty-six years to be followed by two years parole.

2. Petitioner challenges his conviction and sentence on the grounds that he was afforded

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

ineffective assistance of counsel and that his guilty plea was not knowing and voluntary, as he did not understand the terms of his plea agreement due to his lack of knowledge of the English language. Respondent filed a motion to dismiss the petition in which he asserts that Petitioner has procedurally defaulted his claims and that he is not entitled to relief on the merits of those claims.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent asserts that Petitioner exhausted his state court remedies to the extent that no further remedy is available to him, but that he failed to present his claims to New Mexico's highest court and would be barred from re-presenting them in state court, rendering the claims in this petition procedurally defaulted.

**PROCEDURAL DEFAULT**

4. Following his conviction, Petitioner filed an untimely notice of direct appeal, which was allowed by the New Mexico Court of Appeals. Answer, Exhibits D, E. In his direct appeal, Petitioner argued that his sentence was excessive. Answer, Exhibit F. Following the denial of that appeal, Petitioner sought and was denied *certiorari* from the New Mexico Supreme Court. Answer, Exhibits J, K. Petitioner then filed two petitions for writs of *habeas corpus* in the New Mexico courts. Answer, Exhibits M, O. Both were expeditiously considered and denied by the New Mexico District Court Judge. Answer, Exhibits N, P. Plaintiff did not seek *certiorari* review from the denial of either of his state *habeas* petitions, instead filing a motion for reconsideration of sentence some four months after that last petition was denied. Answer, Exhibit Q. That motion was also denied. Answer, Exhibit S.

5. In his state *habeas* petitions, Petitioner argued that he was denied effective assistance of

counsel because counsel rarely consulted with him, failed to investigate the case, and was unable to communicate due to Petitioner's ability to speak only Spanish. Petitioner also argued that he was denied Due Process and Equal Protection due to his inability to speak English and his lack of understanding of the plea agreement and the courtroom proceedings. In addition, he argued that his sentence exceeded the statutory maximum due to improper application of sentencing enhancements and due to the imposition of multiple penalties for single acts against one victim. Petitioner's claims in state court encompass the claims raised in the instant petition.

  6. Respondent contends that Petitioner's claims raised in his state *habeas* petitions and again before this Court are procedurally defaulted be virtue of Petitioner's failure to seek *certiorari* review from the New Mexico Supreme Court. The Court agrees. Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995) (Procedural default where *certiorari* review not sought from denial of state *habeas* petition).

  7. Petitioner can excuse his default if he can show cause for the default and prejudice from it or that exercise of the default will result in a fundamental miscarriage of justice. Maes v. Thomas, 46 F.2d 979, 984 (10th Cir.) cert. denied 514 U.S. 1115 (1995). In the context of procedural default, cause is some objective factor external to the defense which impedes efforts to raise the defaulted claims in state court. Id. at 987 (citation omitted). Petitioner has not shown cause for his default. Petitioner has requested that counsel be appointed to represent him and states that he does not understand the English language, but he has not been impeded in bringing various motions in state court. He also states that he was housed in segregation; however, the Court notes that Petitioner brought his second state *habeas* petition within the time limit for him to seek *certiorari* review of his first state *habeas* petition.

8. Lastly, Petitioner has not demonstrated extraordinary circumstances where a constitutional violation probably has caused the conviction of one innocent of the crime. Such a showing is required to show a fundamental miscarriage of justice. <u>McCleskey v. Zant</u>, 499 U.S. 467, 502 (1991). With regard to this finding, the Court notes that Petitioner's claim that he did not understand the proceedings during his plea hearing or the terms of his plea agreement is contradicted by the New Mexico District Court's finding on *habeas* review that a certified court translator was present to translate all matters surrounding the plea agreement as well as discussions between Petitioner and counsel. Answer, Exhibit N.

**RECOMMENDED DISPOSITION**

That Respondent's Motion to Dismiss be granted and that this petition be denied as procedurally defaulted. Further, that this matter be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**